Gieeen, J.
This was an application for the release of George Hafer from imprisonment, having been committed by the notary public for refusing to be sworn and give his deposition in a case pending in the superior court.
He had given his deposition in the same case, and after it was taken and transcribed by the stenographer he refused to sign it, for the reason that there were statements therein contained not given by him; and the stenographer and he being unable to agree upon that point, he was committed for refusing to sign the deposition; and, upon application to the court of common pleas, he was discharged. And thereupon this notice was served to again take his deposition. And that was resisted on the ground:
1. That there was no authority to take the deposition of an adverse party, George Hafer being a party to the suit. And,!
2. That he had already given his deposition, and hence ■could not be required to again give his deposition; and, in connection with that question, that it was for him to determine what his deposition was; and, having objected’ to the transcription made by the stenographer, that he alone was the judge as to what he should sign as his deposition.
First, then, it is necessary to determine whether the deposition of a party can be taken by an adverse party.
The statute provides that interrogatories may be attached to a pleading, and that the party may be compelled to answer such interrogatories, if pertinent to the issues in the ■c^ase.
And section 5243, Revised Statutes, provides that a party may be examined as if upon cross-examination, at the instance of the adverse party, either orally or by deposition, as any other witness. But he party calling him for such examination shall not be concluded thereby, but may .rebut it by competent testimony.
Now, in the light of these statutory provisions, and es *447 pecially this section, there would-seem to be no room for doubt that a party may take the deposition of an' adverse party. But there seems to have been doubt, in this state, because one of our circuit courts,in the 14 Circuit Court Reports, at page 517, has held that a deposition of the adverse party can not be taken; while in the 19 Circuit Court Reports, page 617, it was held, by another Circuit Court, that his deposition could be taken. In the first case, however, ■there were peculiar circumstances upon which the court undoubtedly rested its decision, which were that it plainly appeared that the deposition was taken,not with any intention of using it upon a trial of the case in which it was taken, but merely for the purpose of discovering whether any testimony could be drawn out from the opposite side.
Now, in our Supreme Court Reports there seems to be no case in which that question has ‘been directly decided, and perhaps for the very reason that I have indicated. The statutes seem so plain that it would hardly be necessary for •a construction of these statutes to determine that question.
But in the case of Chapman v. Lee, 45 Ohio State, page 357, the third proposition of the syllabus is as follows:
“Adequate means of obtaining discovery from parties to actions at law being afforded by our statutes, suits for discovery, as prosecuted in equity, before the adoption of the code, are practically obsolete in this state.”
Now, at page 366 of this case, Judge Spear uses this language:
“All the aid which a suit for discovery would give is now given by our code in the case at law itself. The party may attach to his pleading interrogatories which, so far as pertinent, the other party is bound to answer, and those answers may be used by either party as evidence. He may also take the deposition of the opposite party, or put him on the stand as a witness at the trial. The doctrine and rules concerning the subject matter of discovery established by courts of equity, are believed to be still in force and to ■control the same matters in the new procedure, but the bill -of discovery, as a separate action, is practically obsolete in ■this state. ”
So that the deposition can not only be taken, but he may foe placed upon the witness-stand; thereby implying that, *448 although the party is within the jurisdiction of the court, and will probably be present at the trial of the case, and is-not at the time sick or unable to attend, yet his deposition may be taken. And the error seems to arise from the fact that counsel proceed under the impression that a deposition-can only be taken under such circumstances. The provision of the statute is that the deposition can only be used in-those cases. But the deposition may be taken although at the time the party is within the jurisdiction of the court, and might attend the trial if it were had at that time.
We, therefore, are inclined to follow not only the later decision of the circuit court, as reported in the 19 Circuit Court Reports, but as indicated in the Supreme Court Reports, 45 Ohio State, and to hold that a party may take the deposition of the adverse party.
The next question urged is that a deposition had already been taken, and, consequently, there was no authority to-again take the deposition of the same party.
Our statute defines a deposition, in section 5262, to be a written declaration, under oath, made upon notice to the adverse party; differing from an affidavit, by notice to the adverse party.
So, it is claimed that this deposition, having been written by the stenographer after being delivered by George Hafer on the .witness stand, comes within this definition of the statute, and, consequently, a deposition had been taken,
But the statute also provides that-the deposition shall be signed, and that upon a refusal to sign the deposition the party may be committed as in contempt of court. But it is not accurate, surely, to say that a deposition, because it has been written out by a stenographer, after having been delivered by the witness, is a written declaration of that witness unless it corresponds precisely with what he himself delivered while upon the witness stand.
Now, in this case there is a conflict as to what was so delivered by the witness George Hafer, the party, claiming one thing and the stenographer another, And the one,, perhaps, is as liable to be right as the other. Neither is-infallible, and neither entitled to determine just what was-said upon the witness stand. The witness himself may have forgotten what he did testify, and the stenographer *449 'may have inaccurately taken, or misunderstood,the declarations of the witness while upon the stand. But neither of •them is entitled to determine what was really said.
Harmon, Colston, Goldsmith & Hoadly, for Hafer.
Sidney G. Strieker, contra
As I understand this contention, counsel for Mr. Hafer insists that he alone shall determine what he said upon the witness stand, while, on the other hand, opposing counsel insist that the stenographer’s report must be accepted by •him, and he sign that,
I think that neither contention is correct, and that it becomes a question of fact, like any other fact, to be determined by the trial court; and if the stenographer’s report and the witness’ recollection or .wish in reference to the •deposition do not coincide, that fact should be made to appear in some way upon the deposition itself,and the witness given such chance as would be necessary to explain his position in the matter, and then the whole deposition referred to the trial court and determined by it as a question of fact. Witnesses may then be called to determine what the witness did say upon the stand.
So that we hold that counsel are in error in contending that a deposition had already been taken, because the deposition had not bean signed, and until it was signed or •otherwise assented to as the declaration of the witness, it did not become his written declaration, And he neither assented to it orally, nor did he sign it, but refused to sign it, not for the reason that he had made any mistake and wanted to correct it, but for the reason that the report of the stenographer was directly opposed to what he in fact had testified to upon the witness stand.
The judgment, therefore, of the court of common pleas, in refusing to release George Hafer from imprisonment, .should be by this court affirmed,